UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE NVIDIA GTX 970 GRAPHICS CHIP LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | CASE NO.: 15-cv-00760-PJH<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING DISSEMINATION OF CLASS NOTICE PROGRAM<br><br>Judge:   Honorable Phyllis J. Hamilton |
|---|---|

This Motion having been brought before the Court by the Class Representatives through Class Counsel[1], pursuant to Fed. R. Civ. P. 23(e), for an Order granting preliminary approval of a Settlement Agreement with NVIDIA Corporation ("NVIDIA"), Gigabyte Global Business Corporation d/b/a Giga-Byte Technology Co. Ltd., G.B.T. Inc. (together with Gigabyte Global Business Corporation, "Gigabyte"), ASUS Computer International ("ASUS"), and EVGA Corporation ("EVGA") (collectively "Defendants"), and directing the dissemination of class notice and appointing Settlement Class Counsel and the Settlement Administrator (the "Motion"); and the Court having reviewed the submissions of the parties, and having found that the parties are entitled to the relief they seek, and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

---

[1] Except as otherwise specified herein, all defined terms set forth in this Order shall have the same meaning as that set forth in the Settlement Agreement, and are incorporated herein.

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to this Settlement, including, without limitation, the Settlement Class (as defined below in paragraph 4), to enter this Order.

2. The Settlement Agreement submitted with the Motion is preliminarily approved as fair, reasonable and adequate. The Settlement Agreement was arrived at in good faith, following extensive arm's-length negotiations by counsel for the Parties. The Court finds that the terms of Settlement Agreement fall "within the range of possible approval" sufficient to warrant sending notice thereof to the Settlement Class. Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") § 21.632 (4th ed. 2004). This finding that the Settlement is reasonable is subject to a final determination to be made after a Fairness Hearing, as set forth below.

3. Based upon the submissions of the Parties, for purposes of the Settlement only, the Court finds as to the Settlement Class that: (a) the members of the Settlement Class are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class as to the reasonableness of the Settlement, and such questions predominate over any questions affecting only individual members of Settlement Class; (c) the Class Representatives' claims and the defenses asserted thereto are typical of the claims of members of the Settlement Class and the defenses asserted thereto; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of members of the Settlement Class throughout this Action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this Action, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.

4. Therefore, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court conditionally certifies the Settlement Class, defined as "all persons and entities resident in the United States of

America who purchased a GTX 970 GPU in the United States of America from the Defendants, the AIC Partners or their authorized retailers prior to the Preliminary Hearing Date other than for purposes of resale or distribution. Excluded from the Settlement Class are (1) employees of Defendants or the AIC Partners, including their current or former directors, officers and counsel; (2) any entity that has a controlling interest in Defendants or the AIC Partners; (3) Defendants' and the AIC Partners' affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family."

5.  The Court preliminarily approves the Plaintiffs listed in the Settlement Agreement as representatives of the Settlement Class ("Class Representatives").

6.  Whatley Kallas, LLP and Bursor & Fisher, P.A. are appointed as Class Counsel.

7.  A Fairness Hearing shall be held before this Court on _____, 2016, at _____ a.m. to determine (a) the merits of any valid and timely objection submitted by Settlement Class Members; (b) whether this action finally meets each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a), and may properly be maintained as a class action for settlement purposes only on behalf of the Settlement Class under Fed. R. Civ. P. 23(b)(3); (c) whether the Settlement should receive final approval as fair, reasonable, adequate, and in the best interests of the Settlement Class; (d) whether the Final Approval Order should be entered granting final approval of the Settlement, entering final judgment and dismissing the claims asserted in the Complaint in this action with prejudice as to Defendants and the Released Parties, consistent with the terms provided for in the Settlement Agreement; (e) whether Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (f) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto against any Released Party, and (g) whether the application of Class Counsel for the payment of attorneys' fees and reasonable litigation

1  expenses, and payment of an incentive award to one or more of the Plaintiffs are reasonable and
2  should be approved.  The Fairness Hearing may be postponed, adjourned or continued by further
3  order of this Court, without further notice to the Settlement Class.

4        8.     At the Fairness Hearing, the Court will consider any timely and valid objections
5  presented by Settlement Class Members and the Parties' responses to any such objections.

6        9.     Any Person included within the Settlement Class who wishes to be excluded from
membership in the Settlement Class must do so in writing by mailing a request for exclusion from
the Settlement Class to the Administrator, postmarked no later than _____, 2016.  To be
effective, the request for exclusion (or opt-out request) must: (a) include the case name and
number, (b) include the Person's full name and current mailing address; (c) identify the GTX 970
Model purchased and the appropriate date of purchase, (d) contain a statement that the Person is a
member of the Settlement Class, (e) include a statement clearly indicating the Person's intent to be
excluded from the Settlement Class; and (f) be signed by the Person submitting the request for
exclusion.  Requests for exclusion must be submitted individually, and not on behalf of more than
one member of the Settlement Class.  No member of the Settlement Class shall have the right or
may exclude themselves from the Settlement Class as a class or group of persons, in a
representative capacity on behalf of a class or group of persons, or on behalf of any other member
of the Settlement Class.  Any request for exclusion that fails to satisfy the requirements of this
paragraph or that is not properly and timely submitted, as required above, shall be ineffective and
void absent further Court order or agreement.  Such member of the Settlement Class shall be
deemed to have waived all rights to opt out of the Settlement Class, and shall be deemed a Class
Member for all purposes pursuant to this Order.

      10.    If a timely and valid request for exclusion is made by a member of the Settlement
Class, then that Person will not be a Settlement Class Member, will not be entitled to participate in
the Settlement, cannot object to the Settlement, and will not be bound by the Settlement and/or any
determinations and/or judgments concerning the Settlement Agreement.

11. Any member of the Settlement Class who does not request exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the proposed Settlement. Any such objection must be filed with the Clerk of the Court, at the address listed below, and must be filed and postmarked no later than _____, 2016:

> Clerk of the Court
> United States District Court
> Northern District of California
> 1301 Clay Street, Suite 400S
> Oakland, CA 94612

In order to be a valid objection, the Class Member must timely submit the objection to the Court, and the objection must include: (a) the case name and number, (b) the objector's full name and current address, (c) a statement that the objector is a Class Member, (d) the name of the manufacturer and product identification number of the GTX 970 Units the objector purports to own or have owned during the Class Period, (e) a statement in writing of all objections and the reasons therefor, and include all supporting papers, including, without limitation, briefs, written evidence, and declarations and an agreement to be subject to discovery, and (f) a statement whether the objector intends to appear at the Fairness Hearing, through counsel or otherwise. Objections must be submitted individually and not on behalf of more than one Class Member. No Class Member may file objections as a class or group of persons, in a representative capacity on behalf of a class or group of persons, or on behalf of any other Class Member.

12. Responses to any valid and timely objections shall be filed by the Parties no later than _____, 2016.

13. Settlement Class Members who timely submit valid written objections in accordance with the requirements of Paragraph 11 of this Order may, but need not, appear and be heard at the Fairness Hearing regarding any objections so submitted, in person or by counsel, but must include in their written objections a statement of their intent to appear at the Fairness Hearing and identify all evidence and witnesses that they may offer at the Fairness Hearing.

14. Any Settlement Class Member that does not properly and timely submit an objection to the Settlement in accordance with the provisions of this Order will be considered to

1    have waived any such objection, shall not be permitted to object to the Settlement at the Fairness

2    Hearing, shall be foreclosed from seeking any review of the Settlement or its terms by appeal or

3    otherwise, and shall be bound by the final determination of this Court.

4       15.    The Court finds that the manner and content of the settlement notice program

5    specified in the Settlement Agreement and as described in the Motion and in the form submitted to

6    the Court will provide the best notice practicable to the Settlement Class under the circumstances

7    to apprise members of the Settlement Class of the pendency of this action, the terms of the

8    Settlement, and their right to participate in, object to, or exclude themselves from the Settlement.

9    The Court further finds that the Full Notice, the Summary Notice, the Claim Form, the mailed and

10   published notices, and the settlement website program as set forth in Section 6 and Exhibits "2",

11   "3" and "4" of the Settlement Agreement are reasonable, constitute due, adequate and sufficient

12   notice to all persons entitled to receive notice, and meet the requirements of due process.  The

13   Court hereby directs that notice be given pursuant to the terms set forth in the Settlement

14   Agreement, provided that the Parties, by agreement, may revise the Notices and Claim Form in

15   ways that are not material, or in ways that are appropriate to update those documents for purposes

16   of accuracy.  All costs incurred in connection with the preparation and dissemination of any notices

17   to the Settlement Class shall be paid by Defendants directly to the Administrator, subject to the

18   provisions of the Settlement Agreement.

19      16.    If the Settlement is finally approved, the Court shall enter a separate order finally

20   approving the Settlement, entering judgment and dismissing the claims asserted in the Complaint

21   with prejudice against the Released Parties consistent with the terms of the Settlement Agreement.

22   Such order and judgment shall be fully binding with respect to the Plaintiffs, all Settlement Class

23   Members, and the Released Parties.

24      17.    In the event that the proposed Settlement provided for in the Settlement Agreement

25   is not approved by this Court, or the Effective Date does not occur for any reason, then the

26   Settlement Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and

27   all orders entered by this Court in connection therewith shall become null and void and

automatically vacated and all monies (except for incurred settlement notice and administrative costs) returned to Defendants by the Administrator pursuant to the terms of the Settlement Agreement. In such event, the Settlement Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of the execution of the Settlement Agreement.

18. The Court hereby appoints Kurtzman Carson Consultants LLC ("KCC") as the Administrator to perform the duties of the Administrator as set forth and in accordance with the Settlement Agreement and all Exhibits thereto, in accordance with the schedule set forth in this Order. The dates of performance are as follows:

| | |
|---|---|
| Activation of Settlement Website by Settlement Administrator. | Date: _____, 2016 |
| Posting of Statement on Settlement Class Counsel's websites directing individuals to the Settlement Website | Date: _____, 2016 |
| Mailing of the Summary Notice | Date: _____, 2016 |
| Completion of publication of a summary notice per the Settlement Agreement | Date: _____, 2016 |
| Settlement Administrator to provide Court with Declaration confirming notice was provided in accordance with terms of Settlement Agreement | Date: _____, 2016 |

19. The deadline for any Claim Form to be postmarked shall be _____, 2017. Unless the Court orders otherwise, Claim Forms must be submitted in conformance with the Settlement Agreement and shall be processed in accordance with the procedures set forth in the Settlement Agreement.

20. The Parties shall file and serve papers in support of final approval of the Settlement, including any request for payment of attorneys' fees, costs and reasonable litigation expenses, and incentive awards to one or more of the Named Plaintiffs, by _____, 2016.

21. Pending final determination of whether the Settlement embodied in the Settlement Agreement is to be approved, all Settlement Class Members are preliminarily enjoined from either directly, representatively, derivatively, or in any other capacity, including organizing other

Settlement Class Members for purposes of, commencing or prosecuting, or continuing to prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims as defined in the Settlement Agreement against Defendants or any of their Affiliates. This injunction is necessary to protect and effectuate the Agreement and the Settlement contemplated thereby, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

DATED: _____, 2016

                                   HON. PHYLLIS J. HAMILTON
                                   UNITED STATES DISTRICT JUDG