WHATLEY KALLAS LLP
Alan M. Mansfield (Cal. Bar No. 125998)
amansfield@whatleykallas.com
1 Sansome Street, 35th Fl., PMB # 131
San Francisco, CA  94104
Tel: (415) 860-2503
Fax: (888) 331-9633

BURSOR & FISHER, P.A.
L. Timothy Fisher (Cal. Bar No. 191626)
ltfisher@bursor.com
Neal J. Deckant (admitted *pro hac vice* in Cal.)
ndeckant@bursor.com
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Tel: (925) 300-4455
Fax: (925) 407-2700

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE NVIDIA GTX 970 GRAPHICS CHIP LITIGATION**<br><br>**This document relates to: all actions** | **Case No. 4:15-cv-00760-PJH**<br><br>**DECLARATION OF**<br>**CLIFF CANTOR**<br>**IN SUPPORT OF FEE APPLICATION**<br><br>Date:     December 7, 2016<br>Time:    9:00 a.m.<br>Courtroom 3 – 3rd Floor<br><br>Judge Phyllis J. Hamilton |

I, CLIFF CANTOR, declare as follows:

1. I am the principal of Law Offices of Clifford A. Cantor, P.C. I am an attorney licensed to practice in Washington state. I make this declaration in support of the fee application to be filed by plaintiffs' counsel in connection with the settlement of this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I was asked by plaintiffs in this litigation, by and through their counsel, to assist with completing briefing relating to a motion to compel production of documents. The purpose of the motion was to obtain identities of class members. Plaintiffs filed the motion against Amazon.com, Inc. in the U.S. District Court for the Western District of Washington.

3. The work that I performed for plaintiffs in this litigation was limited to this task — i.e., assisting with briefing relating to the motion to compel. On September 16, 2016, U.S. District Judge John C. Coughenour entered an order granting plaintiffs' motion and compelling Amazon.com to produce the documents that plaintiffs sought. *See Ostrowski v. Amazon.com, Inc.*, No. 16-1378-JCC, 2016 U.S. Dist. Lexis 126532 (W.D. Wash. Sep. 16, 2016).

4. In connection with this effort, the total amount of time that I reasonably devoted to this litigation to date was 9.10 hours for professional services (excluding time spent in support of plaintiffs' fee application). Full-detail time records are available for the Court's inspection if requested.

5. My professional billing rate is $600 per hour, which is at or somewhat below typical billing rates in the Western District of Washington for attorneys with my level of experience and expertise. I have been practicing law for approximately 30 years.

6. Multiplying 9.10 hours by my professional billing rate of $600/hour, the total lodestar for my firm is $5,460. This lodestar figure does not include my firm's expenses, which were minimal (and for which my firm does not seek reimbursement).

7. With respect to my standing as an attorney, attached hereto as Exhibit 1 is an abbreviated résumé.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 24, 2016.

_____
CLIFF CANTOR

**Exhibit 1**

# LAW OFFICES OF
# CLIFFORD A. CANTOR, P.C.

*Firm Résumé*

Founded almost 20 years ago, the firm helps individuals, investors, employees and employers, and public and private entities enforce their rights, often through multi-party, class action, or derivative litigation. Frequently as lead or co-lead counsel, the principal of the firm, Cliff Cantor, has participated successfully in obtaining significant monetary awards and innovative injunctive relief throughout the country. Clients consistently appreciate the personal attention devoted to them that they may never see in larger firms.

Cantor graduated from M.I.T. in 1975 at age 20 with a B.S. in mathematics. He obtained an M.S. in mathematics the following year. He received his J.D. degree *magna cum laude* from Harvard Law School. While at Harvard, Cantor was selected by Prof. Laurence Tribe to assist in analyzing and preparing written works on constitutional issues and for litigation in the Supreme Court.

Cantor has litigated in approximately half of the states in the country. Cantor is admitted to practice in the state courts of Washington and Alaska (now inactive), various federal district courts, the U.S. Courts of Appeal for the Second, Seventh, Ninth, and Eleventh Circuits, and the U.S. Supreme Court.

For about 25 years, Cantor has devoted most of his practice to complex litigation. He was invited to co-author briefs to the Supreme Court in *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995) and *Varity Corp. v. Howe*, 516 U.S. 489 (1996). Cantor has been an invited speaker at numerous CLE seminars.

Cantor has been named a Washington "Super Lawyer" in WASHINGTON LAW AND POLITICS. He is rated AV® Preeminent™ 5.0 out of 5.0 by Martindale-Hubbell® Peer Review Ratings™.

A few examples of cases in which Cantor had a leadership role are as follows.

- In *Lee County v. IASD Health Services dba Wellmark Blue Cross & Blue Shield of Iowa* (N. Lee County, Iowa), which involved 48 governmental entities as plaintiffs, Cantor was one of three lawyers leading the plaintiffs' prosecution of claims that Blue Cross & Blue Shield had breached its contracts and fiduciary duties while serving as a third-party administrator of public-entity health plans. Literally on the eve of trial, the parties settled for 100% of actual damages. In a subsequent related case, *Louisa County v. Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Sheld of Iowa* (Des Moines County, Iowa), a class action, the court appointed Cantor as co-class counsel.

- In *Dennings v. Clearwire Corp.* (W.D. Wash.), the court appointed Cantor to be co-class counsel for a nationwide class of Clearwire subscribers who alleged that the provider of wi-fi Internet service violated deceptive-practices statutes by "throttling" or "shaping" subscribers' Internet speeds contrary to the company's advertising. The parties reached a substantial monetary settlement that the court approved. Cantor led the defense of two appeals of the district court's orders, each of which resulted in summary affirmance by the Ninth Circuit.

- In *In re Hewlett-Packard Co. Power-Plug Litig.* (N.D. Cal.), the court appointed Cantor to be co-lead counsel in a case alleging that Hewlett-Packard was selling laptop computers with a known defect that caused internal arcing and motherboard failure. The court approved a settlement in conjunction with another case against Hewlett-Packard that involved cash reimbursement to owners who had previously replaced their motherboards and a future repair program that was free of charge including shipping.

- In *Brown v. Washington Mutual Bank* (Los Angeles County, Cal.), the court appointed Cantor as co-class counsel for a certified nationwide class of people who applied for or obtained home loans from Washington Mutual's affiliates. Plaintiffs alleged that

defendants violated state unfair competition law by marking up the cost of third-party settlement services on loan closing statements. After years of difficult and novel litigation, including an appeal by defendants that was resolved in plaintiffs' favor, the parties reached a substantial monetary settlement that the court approved.

• In *Bell v. Blue Cross of Cal.* (Los Angeles County, Cal.), Cantor was co-counsel for many emergency-room medical practice groups in a mass individual action challenging reimbursement levels by Blue Cross of California in circumstances in which the providers were required by state and federal law to provide emergency treatment. Cantor set important new principles in California appellate case law that (i) the medical providers had a right to sue for reimbursement, and (ii) Blue Cross was obligated to reimburse at fair and reasonable rates. Dr. Bell was named "Advocate of the Year" by his medical association for obtaining these results.

• In *South Ferry LP #2 v. Killinger* (W.D. Wash.), Cantor served as liaison counsel in a long-running securities-fraud lawsuit against Washington Mutual and its top officers. Plaintiffs prevailed in the district court on pretrial motions, prevailed in the Ninth Circuit in an interlocutory appeal, and finally settled for a significant cash sum that involved approval by the district court and the bankruptcy court overseeing Washington Mutual's bankruptcy.

• In *Eley v. Palm, Inc.* (San Francisco County, Cal.), the court appointed Cantor as co-class counsel for a nationwide class of purchasers of a particular model of Palm handheld computer. The class alleged that the units suddenly and permanently ceased to sync with host computers and that Palm knew about but hid this defect. Through discovery, the problem was narrowed down to a defective chip. The court approved a significant settlement that resulted in, among other things, replacement of many tens of thousands of chips and a multi-year extension of the warranty.