1    WHATLEY KALLAS LLP
2    Alan M. Mansfield (Cal. Bar No. 125998)
     amansfield@whatleykallas.com
3    1 Sansome Street, 35th Fl., PMB # 131
     San Francisco, CA  94104
4    (415) 860-2503 phone
     (888) 331-9633 fax
5
6    BURSOR & FISHER, P.A.
     L. Timothy Fisher (Cal. Bar No. 191626)
7    ltfisher@bursor.com
     Neal J. Deckant (admitted *pro hac vice* in Cal.)
8    ndeckant@bursor.com
     1990 North California Boulevard, Suite 940
9    Walnut Creek, CA  94596
     (925) 300-4455 phone
10   (925) 407-2700 fax
11
     *Class Counsel*
12
13                   UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15

16   IN RE NVIDIA GTX 970 GRAPHICS          Case No. 4:15-cv-00760-PJH
     CHIP LITIGATION
17                                           DECLARATION OF WILLIAM J. DOYLE
18                                           II IN SUPPORT OF PLAINTIFFS'
                                             NOTICE OF MOTION AND MOTION
19   _____ FOR APPROVAL OF AN AWARD OF
                                             ATTORNEYS' FEES, COSTS AND
20   This Document Relates To:              EXPENSES, AND INCENTIVE AWARDS
                                             FOR CLASS REPRESENTATIVES
21   All Actions
                                             Date:      December 7, 2016
22                                           Time:      9:00 a.m.
                                             Court:     3 - 3rd Floor
23
24                                           Judge Phyllis J. Hamilton
25
26
27
28

I, William J. Doyle II, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California, and an attorney of record herein for Plaintiffs in this action. I am a principal of Doyle Lowther LLP. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could competently testify to such facts.

2.      My firm filed and prosecuted both a state court action and a federal court action against NVIDIA Corporation. My firm prosecuted the state court action independently of the federal actions until the parties and counsel reached agreement to stay the state court matter and to assist co-lead counsel in the consolidated federal matters, thereby streamlining the litigation and reducing the potential for duplicated effort.

3.      Doyle Lowther filed a putative class action in San Diego Superior Court, *Le v. NVIDIA Corp.*, Case No. 37-2015-00006732-CU-BT-CTL, on behalf of California consumers who purchased the NVIDIA GeForce GTX 970 graphics card. The California action asserted warranty, consumer protection, and common law claims arising from published specifications for the GTX 970, including the size of GDDR5 memory, the number of Raster Operating Pipelines, and the size of L2 cache. We conducted extensive factual and legal research in connection with the initial *Le* complaint, filed February 26, 2015, and the amended *Le* complaint, which was filed on July 9, 2015. Prior to filing the *Le* matter, Doyle Lowther also prepared and served a CLRA demand letter on NVIDIA.

4.      In connection with drafting the state court pleadings, Doyle Lowther had to understand the architecture of the GTX 970 graphics card, how Level 2 cache, ROPs, and DRAM operates in the 970 GTX, and how the differences in actual versus represented performance impacted the video images on a computer screen. This required counsel to understand the market for the GTX 970, which often was high-end video gamers, and the impact of degraded graphics performance on high-end video games, including those requiring 4K graphics. We retained a technical consultant to assist counsel in understanding these matters as well as to examine the GTX 970 to confirm whether the graphics card met the represented specifications and to understand the alleged defect and its impact on performance. The consultant also assisted counsel in understanding

1    the JEDEC standards for GDDR5 random access memory and the performance differences

2    between the GTX 970 and its companion graphics card, the GTX 980.

3         5.     Doyle Lowther performed other tasks in connection with prosecuting the California

4    state court action. Soon after the original complaint was filed, the firm drafted document requests,

5    special interrogatories, and requests for admission. Counsel also drafted a protective order to obtain

6    confidential information in the *Le* matter. They filed a case management statement in August 2015

7    and attended court hearings before Judge Trapp on April 8 and September 30, 2016.

8         6.     At co-lead counsel's invitation, Doyle Lowther assisted in prosecuting the claims

9    filed against NVIDIA in *In re NVIDIA GTX 970 Graphics Card Litig.*, Case No. 15-cv-00760

10   (N.D. Cal.). We built upon our work in the California state action and joined with co-lead counsel

11   in drafting the Second Amended Complaint. This included a detailed factual and technical

12   investigation, as well as legal research, concerning the alleged defect with the GTX 970 and the

13   associated legal claims against defendant.

14        7.     Doyle Lowther worked with class counsel in opposing NVIDIA's motion to dismiss

15   the Second Amended Complaint. We responded to NVIDIA's legal challenges to the express and

16   implied warranty claims, the unjust enrichment, negligent misrepresentation, and Magnuson-Moss

17   claims, and consumer protection claims under the Consumers Legal Remedies Act, Unfair

18   Competition Law, and False Advertising Law. The Second Amended Complaint also alleged

19   alternative claims under the laws of several states. Doyle Lowther assisted in preparing responses

20   to NVIDIA's attacks as well as participating in, revising, and editing Plaintiffs' final response to

21   the motion to dismiss.

22        8.     I traveled to San Jose, California to attend the first case management conference and

23   participate in a meeting with other plaintiffs' counsel. Later, I traveled to San Jose to participate in

24   a settlement meeting with lead counsel and defense counsel.

25        9.     The total number of hours expended on this litigation by our firm, both by attorneys

26   and professional staff, was 282.4 hours. The total lodestar for our firm was $164,061.50 as

27   reflected below:

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TIME REPORT - INCEPTION THROUGH OCTOBER 14, 2016

| Name | Total Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| **Partners** | | | |
| William J. Doyle | 54.3 | $675.00 | $36,652.50 |
| John A. Lowther | 93.1 | $625.00 | $58,187.00 |
| James R. Hail | 89.6 | $625.00 | $56,000.00 |
| **Associates** | | | |
| Chris Cantrell | 10.5 | $395.00 | $4,147.50 |
| **Certified Paralegals** | | | |
| Kristina Davis | 9.1 | $260.00 | $2,366.00 |
| Brandy Roberts | 25.8 | $260.00 | $6,708.00 |
| | | | |
| **Total** | 282.40 | | $164,061.50 |

10.     The above lodestar figure was calculated using contemporaneous time records, pleadings, briefs, drafts and records of communications regularly prepared and maintained by our firm, which are available at the Court's request. Time expended in preparing this application for fees and reimbursement of expenses is excluded from this request.

11.     The hourly rates for attorneys and professional support staff in our firm are the same as the regular current rates charged for services in non-contingent matters or which have been accepted and approved by both state and federal courts in California in other class action litigation.

12.     Doyle Lowther's lodestar figures are based on the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in our firm's billing rates.

13.     As detailed below, our firm has incurred a total of $9,060.41 in unreimbursed expenses in connection with this litigation's prosecution.

1

## EXPENSE REPORT - INCEPTION THROUGH OCTOBER 14, 2016

| Category | Amount |
|---|---|
| photocopies/reproduction | $0 |
| facsimile | $0 |
| postage costs | $19.84 |
| telephone | $0 |
| filing fees[1] | $2,145.96 |
| Lexis / legal research | $1,019.94 |
| hotels, transportation & travel expenses | $3,153.34 |
| consultants | $2,721.33 |
| mediation | $0 |
| **total expenses** | **$9,060.41** |

14.     The expenses incurred in this Litigation are reflected on the books and records of our firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate recordation of incurred expenses.

15.     Doyle Lowther has not received any payment for their services in prosecuting this Litigation, nor has the firm been reimbursed for its expenses incurred in prosecuting the Litigation. Our firm undertook this Litigation on a wholly contingent basis.

I declare under penalty of perjury under the laws of California and the laws of the United States of America the foregoing is true and correct. Executed this 25th day of October 2016.

WILLIAM J. DOYLE II

_____

[1]   The California state courts charge a $1,435 filing fee for any unlimited civil case deemed "complex." *See* California Government Code § 70611 and § 70616(a), (b), (e), (f).