WHATLEY KALLAS LLP
Alan M. Mansfield (Cal. Bar No. 125998)
amansfield@whatleykallas.com
1 Sansome Street, 35th Fl., PMB # 131
San Francisco, CA 94104
Tel: (415) 860-2503
Fax: (888) 331-9633

BURSOR & FISHER, P.A.
L. Timothy Fisher (Cal. Bar No. 191626)
ltfisher@bursor.com
Neal J. Deckant (admitted *pro hac vice* in Cal.)
ndeckant@bursor.com
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE NVIDIA GTX 970 GRAPHICS CHIP LITIGATION**<br><br>**This document relates to: all actions** | Case No. 4:15-cv-00760-PJH<br><br>**DECLARATION OF<br>JEFF WESTERMAN<br>IN SUPPORT OF FEE AND EXPENSE APPLICATION OF WESTERMAN LAW CORP.**<br><br>Date:       December 7, 2016<br>Time:      9:00 a.m.<br>Courtroom 3 – 3rd Floor<br><br>Judge Phyllis J. Hamilton |

I, JEFF WESTERMAN, declare as follows:

1. I am the principal of Westerman Law Corp. I am an attorney licensed to practice in California and the U.S. District Court for the Northern District of California. I make this declaration in support of the fee application to be filed by plaintiffs' Co-Lead Counsel in

connection with the settlement of this litigation. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto.

2. I was heavily involved in positioning this case for settlement, the initiation of early settlement discussions, and negotiating the eventual settlement agreement. Co-Lead Counsel utilized me for that purpose because I was lead counsel in a previous case against NVIDIA, that also involved claims about a defective chip. That case, which was before Judge Ware, settled in this District in 2010. *See The NVIDIA GPU Litigation* C 08-4312JW Dkt Nos. 258, 320. As a result of that case, and those settlement efforts, which took place over multiple in person sessions and phone calls over the course of several months, I was familiar with the defense counsel and in house counsel at NVIDIA. I have also worked with both of Plaintiffs' Co Lead Counsel in the past. I believe that at least in part due to the relationships, and the level of trust from prior dealings, we were invited in this case to attend an early exploratory settlement meeting at the pleading stage, with NVIDIA and their counsel. Attendees included NVIDIA's General Counsel and NVIDIA's Senior Vice President of GPU Engineering. The meeting included a very detailed and technical presentation by NVIDIA, and corresponding questions from Plaintiffs' Co-Lead Counsel and, me. This initial meeting was unusual in that it was a high-level effort at common sense early dispute resolution. In my experience this type of meeting, before a motion to dismiss is heard, and before there is even agreement to engage a mediator, is very productive, but rare. We had a second meeting[1] with NVIDIA's General Counsel and outside counsel before we eventually went to Judge Infante to mediate. At both meetings, and the mediation itself, there was open and honest discussion of factual, legal and settlement issues. This type of early settlement discussion can only result from a mutual good faith belief of the participants that their respective motives are to be efficient and practical in the management of the case. It also requires mutual good faith that early resolution is possible without engaging in the law and motion, class certification, document,

---

[1] William Doyle, another plaintiff's attorney, attended the second settlement meeting. Mr. Doyle was on the plaintiffs' Executive Committee and attended all the settlement meetings in the prior NVIDIA case. His role in that case and technical understanding of the products made him a valuable participant here as well.

deposition and expert discovery practice that often consumes years of Court, party and attorney time in similar complex cases about highly technical products.

3. Co-Lead Counsel performed the bulk of the work in this case from the standpoint of general litigation efforts, such as, amending the complaint, briefing the opposition to the motion to dismiss, and other matters that I may not have been aware of. They were efficient in using me for the specific role of facilitating settlement, which I did. As part of the coordination and effort to avoid duplication, my time was all oriented toward tasks to achieve settlement of the case. I did not spend much time on the factual or technical details of the case, and did so in the limited context of preparation for, or discussions about settlement. I participated in communications or reviewed materials about the case in general, if it appeared relevant to my settlement role. In that role, there were instances where I had discussions with defense counsel that facilitated moving us along toward mediation and then to a settlement agreement. Co-Lead Counsel were fully informed about those efforts, but we avoided duplication and they were not on every call that I had with the defense counsel about settlement. Similarly, I was on very few, if any, calls between Co-Lead Counsel and defense counsel about the general litigation of the case. Once the settlement agreement in principle was reached at the mediation, I had a role in reviewing the written drafts and discussing some of the negotiated terms, but Co-Lead counsel took the lead in documenting the settlement. The above points are worth mentioning because there was a level of trust and confidence among the counsel on all sides of the case, and within the plaintiffs' co-counsel structure in particular, that resulted in efficiencies and avoided duplication.

4. The total amount of attorney time that my firm spent on this this litigation to date, excluding preparation of this fee and expense declaration, was 112.4 hours. The total lodestar for my firm is $96,456.00. A summary of my firm's time is attached as Exhibit A. Full-detail time records are available for the Court's in camera inspection if requested.

5. My professional billing rate is $880 per hour. This rate was recently submitted by me in connection with a class action settlement and fee award approved in July, 2016, by the Hon. Dolly Gee in Okla. Firefighters et al v. Ixia et al CV13-8440 DMG (SHx) Dckt Nos. 138,145. I have been practicing law for almost 36 years, and have practiced in the field of complex financial

1  and consumer class actions for about 25 years. I am often Lead or Co-Lead Counsel in these cases. My former associate Anna Faircloth also billed some time to this case at $460 per hour, which was also her submitted rate in Ixia to Judge Gee. My current associate Ken Remson billed a small amount of time at $675 per hour, which is the rate at which I am informed he billed and collected where he previously worked. A copy of my CV is attached as Exhibit B.

6. My firm's unreimbursed expenses that were advanced, and incurred for the representation of the class in this case, are $2,453.39. The detail for these expenses is provided in Exhibit C, attached. The expenses included four (4) trips to the Bay area from Los Angeles. The first was the initial status conference by Judge Breyer at which Plaintiffs' Co-Lead Counsel were appointed in a contested proceeding. I also used that opportunity to have very preliminary discussions with the Co-Lead Counsel and defense counsel that contributed to the settlement dynamic. I also traveled two times, as discussed above, to meet with NVIDIA's General Counsel, outside counsel, and others, for discussions that paved the way for the mediation. My fourth trip was for the successful mediation with Judge Infante, at JAMS San Francisco office.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Los Angeles County, California on October 25, 2016. [initialed: JW]

_Jeff Westerman_

# EXHIBIT A

| Westerman Law Corp. Nvidia Case No. 4:15-cv-00760-PJH | | | | |
|---|---|---|---|---|
| Name | Title | Total Hours | Rate | Total |
| Anna Faircloth | Attorney | 2.5 | $460 | $1,150 |
| Jeff Westerman | Attorney | 107.6 | $880 | $94,688 |
| Ken Remson | Attorney | 0.1 | $675 | $68 |
| Jenna Radomile | Paralegal | 2.2 | $250 | $550 |
| | | | | |
| | | 112.4 | | $96,456 |

# EXHIBIT B



# JEFF S. WESTERMAN

**Practice Areas:**
**Securities & Investor Litigation**
**Consumer Litigation**
**Antitrust Litigation**

**Westerman Law**

Westerman Law Corp.
1925 Century Park East, Suite 2100
Los Angeles, California 90067
PHONE: (310) 698-7880
FAX: (310) 201-9160
jwesterman@jswlegal.com

**Education:**
B.A., Northwestern University, 1977
Elected to two senior honor societies

J.D., University of Pittsburgh, 1980, Law Review

**Admitted:**
California, 1980

Mr. Westerman practices in the areas of securities fraud, investor, consumer, and antitrust class actions, shareholder derivative actions, and corporate mergers and acquisitions litigation. He has served as lead or co-lead counsel in cases resulting in significant corporate governance changes, and resulting in recoveries and recognized increased value to plaintiffs totaling more than $1 billion. In 2005, *The Daily Journal* recognized him as one of the top 30 securities litigators in California. In 2013 he was a finalist for the Consumer Attorneys of California, Consumer Attorney of the Year, for *In Re Chase Bank USA, N.A. "Check Loan" Litigation* that settled for $100 million. In 2013 Mr. Westerman was also co-lead counsel on the *In Re Medical Capital Securities Litigation* that settled for $219 million, and *In Re Korean Airlines Co., LTD. Antitrust Litigation* which settled for a total of $86 million.

Mr. Westerman has served as a moderator or speaker for programs on complex litigation, class actions, settlements, the Sarbanes-Oxley Corporate Responsibility Act, shareholder derivative actions, best practices for pretrial motions and trends in business litigation.

Mr. Westerman was a member (2001-2013) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference. He served on the Central District of California, U.S. Magistrate Judge Merit Selection Panel (2003-early 2014). He has served on the U.S. Central District of California Standing Committee on Attorney Discipline and was appointed Vice Chair in 2011, and Chair 2014 to present. He is also a member of the Central District of California Attorney Settlement Officer Panel (1998-present).

Mr. Westerman was president of the Association of Business Trial Lawyers (2004-2005); on the Board of Governors (1997-2005), Treasurer (2001-2002), Secretary (2002-2003), and Vice President (2003-2004). He is also on the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003-present), where, after 10 years of board service, Mr. Westerman became Governor Emeritus. He is a Board Member of the Los Angeles, Federal Bar Association Chapter.

For 2013 -14, Mr. Westerman was the Chair of the Los Angeles County Bar Litigation Section, which has over 2,000 members, and he was a Trustee of the Los Angeles County Bar Association (2014 - 2016). He is a member of the Los Angeles Superior Court's Bench-Bar Civil Courts Committee and the Board of the Los Angeles Chapter of the Federal Bar Association. He is past Chair of the LA County Bar Complex Courts Bench-Bar Committee, and he served as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993, and 1996-1997. He is co-chair of the Los Angeles County Bar Association Court Funding Committee (2014-Present). He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). He was one of *Lawdragon's* 3000 Leading Plaintiffs' Lawyers In America (2007- 2010).

California Insurance Commissioner Dave Jones appointed Mr. Westerman to the California Organized Investment Network Advisory Board for the 2012 term, which promotes insurance company investment in California communities.

Mr. Westerman is admitted to practice in the courts of the State of California, as well as the United States District Courts in California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

# EXHIBIT C

# Westerman Law
## Custom Transaction Detail Report
### January 1, 2013 through October 20, 2016

| Type | Date | Name | Memo | Amount |
|---|---|---|---|---|
| **Jan 1, '13 - Oct 20, 16** | | | | |
| Bill | 05/05/2015 | United Airlines | Travel to SFO and back for hearing | 444.20 |
| Bill | 05/05/2015 | Pacer | | 3.00 |
| Bill | 05/08/2015 | Jeff S. Westerman | JSW Taxi from SFO to USDC | 50.00 |
| Bill | 05/08/2015 | Jeff S. Westerman | JSW shared taxi from USDC to SFO | 5.00 |
| Bill | 05/08/2015 | Jeff S. Westerman | JSW LAX Parking | 30.00 |
| Bill | 06/11/2015 | Southwest Airlines | JSW - Nvidia conference | 274.00 |
| Bill | 06/25/2015 | Taxi | JSW Taxi to Meeting | 77.40 |
| Bill | 06/25/2015 | Parking - General | JSW Airport Parking | 23.00 |
| Bill | 07/28/2015 | Janney & Janney | Notice of Appearance | 95.00 |
| Bill | 08/04/2015 | Pacer | | 28.30 |
| Bill | 10/06/2015 | Southwest Airlines | JSW Airfare to SJC | 452.00 |
| Bill | 10/08/2015 | Parking - General | JSW Airport Parking | 23.00 |
| Bill | 11/04/2015 | Pacer | | 1.80 |
| Bill | 03/28/2016 | Southwest Airlines | FLIGHT FOR MEDIATION | 457.96 |
| Bill | 04/25/2016 | Food/Drink | Food at Airport | 23.05 |
| Bill | 04/25/2016 | Taxi | Bart | 11.00 |
| Bill | 04/25/2016 | Hyatt Hotel | Food at hotel | 11.42 |
| Bill | 04/26/2016 | Taxi | Bart | 9.40 |
| Bill | 04/26/2016 | Parking - General | Parking at airport | 46.00 |
| Bill | 04/26/2016 | Hyatt Hotel | Hotel for mediation at JAMS | 383.46 |
| Bill | 05/05/2016 | Pacer | | 4.40 |
| **Jan 1, '13 - Oct 20, 16** | | | | **2,453.39** |