1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

12  | IN RE NVIDIA GTX 970 GRAPHICS CHIP LITIGATION

CASE NO. 15-cv-00760-PJH

13

CLASS ACTION

14

THIS DOCUMENT RELATES TO:

15  | ALL ACTIONS

[~~PROPOSED~~] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT

16

17

Courtroom:        Hon. Phyllis J. Hamilton

18

19        This Motion having been brought before the Court by the Class Representatives through

20  Class Counsel, pursuant to Fed. R. Civ. P. 23(e), for a Settlement Approval Order and Final

21  Judgment of the settlement with Defendants NVIDIA Corporation ("NVIDIA"), Gigabyte Global

22  Business Corporation, G.B.T. Inc., ASUS Computer International, and EVGA Corporation

23  (collectively, "Defendants"), and the application of Class Counsel for payment of attorneys' fees

24  and reimbursement of reasonable litigation expenses, and incentive awards to one or more of the

25  Plaintiffs (together, the "Motion"); and the Court, having reviewed the submissions of the Parties

26  and all purported members of the Settlement Class, having held a hearing on December 7, 2016,

27  and having found that the Parties are entitled to the relief they seek for the reasons stated on the

28  record during the hearing on the Motion based upon the submission of the Parties, and for good

1

2  cause shown, the Court makes the following findings:[1]

3          1.      Notice to the Settlement Class has been provided in accordance with this Court's

Preliminary Approval Order entered on August 26, 2016 ("Settlement Notice").  Such Settlement

4  Notice has been provided in an adequate and sufficient manner, constitutes the best notice

5  practicable under the circumstances, and satisfied the requirements of due process, Fed. R. Civ.

6  P.23, and any other applicable laws.  The Settlement Notice apprised the members of the

7  Settlement Class of the pendency of the litigation, of all material elements of the proposed

8  settlement, of the effect on the members of the Settlement Class, and of their opportunity to opt

9  out of the settlement, to object to the settlement, and to appear at the final approval hearing.  Full

10 opportunity has been afforded to Class Members to participate in the final approval hearing.

11 Accordingly, the Court determines that all Class Members are bound by this Settlement Approval

12 Order and Final Judgment.

13         2.      The Court finds that, in accordance with the Class Action Fairness Act of 2005

14 ("CAFA"), 28 U.S.C. § 1715, notice of the settlement was sent to all state attorneys general and

15 the U.S. Attorney General.  The Court has reviewed the substance of the notice pursuant to CAFA,

16 and finds that the parties have complied with all applicable requirements of CAFA.

17         3.      The Settlement Agreement was arrived at after extensive arm's-length negotiations

18 conducted in good faith by Class Counsel and counsel for Defendants in the above-captioned

19 action, which included an in-person mediation session before the Honorable Edward A. Infante on

20 April 26, 2016, with subsequent follow-up negotiations after that mediation during which the

21 terms of the Settlement Agreement were extensively debated and negotiated.

22         4.      The claims against Defendants present difficult and complex issues as to liability

23 and damages, as to which there are substantial grounds for differences of opinion.

24         5.      The settlement is fair, reasonable, and adequate in light of the complexity, expense,

25 and duration of the litigation, and the risks inherent and involved in establishing liability and

26 damages, and in maintaining the class action through trial and appeal.

27
[1] Except as otherwise specified herein, all defined terms set forth in this Order shall have the same
28 meaning as that set forth in the Settlement Agreement, and are incorporated herein.

[PROPOSED] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT

1
2
3

6.        The promises and commitments of the Parties under the terms of the Settlement Agreement constitute fair value given in exchange for the releases set forth in the Settlement Agreement and as detailed herein.

4
5
6
7

7.        The Court has personal jurisdiction over the Parties and Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and the Court has jurisdiction to enter this Settlement Approval Order and Final Judgment.

8
9
10
11
12
13
14
15

8.        The Parties to the Settlement Agreement have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Settlement Agreement.  It is in the best interests of the Parties and the members of the Settlement Class, and consistent with principles of judicial economy, that any dispute between any member of the Settlement Class (including any dispute as to whether any person is a Class Member) and any of the Released Parties that in any way relates to the applicability or scope of the Settlement Agreement or of this Settlement Approval Order and Final Judgment, should be presented exclusively to this Court for resolution by this Court.

16
17

Based upon the foregoing findings, and all of the evidence presented in the record, IT IS HEREBY ORDERED AS FOLLOWS:

18
19
20
21

1.        The Settlement Agreement submitted with the Motion is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby directed to consummate the Settlement Agreement and provide the relief described in the Settlement Agreement in accordance with the terms of the Settlement Agreement.

22
23
24

2.        The complex legal and factual posture of this case, and the fact that the Settlement Agreement is the result of arm's-length negotiations support the finding that the settlement is fair, reasonable, and adequate.

25
26
27
28

3.        The Court finds that all timely and valid objections to the settlement do not establish that the settlement is unfair, unreasonable, inadequate, or should otherwise not be approved, and are hereby overruled.  Settlement Class Members who did not timely file and serve an objection to the settlement in writing pursuant to the Settlement Agreement are deemed to have

waived any objection through any appeal, collateral attack, or otherwise.

4.    Based upon the submissions of the Parties, the Court finally finds as to the Settlement Class for purposes of settlement only that:  (a) the members of the Settlement Class are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual members of the Settlement Class; (c) the Class Representatives' claims and the defenses asserted thereto are typical of the claims of the members of the Settlement Class and the defenses asserted thereto; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the members of the Settlement Class throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by the members of the Settlement Class; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action.  The Court confirms these previous findings based on the record submitted to the Court and affirms certification of the Settlement Class.

5.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), this Court hereby finally certifies this action, for purposes of settlement, as a nationwide class action on behalf of:  All persons and entities resident in the United States of America who purchased a GTX 970 GPU in the United States of America from the Defendants, the AIC Partners or their authorized retailers between September 1, 2014 to August 24, 2016 other than for purposes of resale or distribution.  Excluded from the Settlement Class are (1) employees of Defendants or the AIC Partners, including their current or former directors, officers and counsel; (2) any entity that has a controlling interest in Defendants or the AIC Partners; (3) Defendants' and the AIC Partners' affiliates and subsidiaries; and (4) the judge to whom this case is assigned and any member of the judge's immediate family. Further excluded from the Settlement Class are the Released Persons.  Settlement Class Members who exclude themselves from the Settlement, pursuant to the procedures set forth in Section 9 of

the Settlement Agreement, shall no longer thereafter be Settlement Class Members and shall not be bound by this Settlement Agreement and shall not be eligible to make a claim for any benefit under the terms of this Settlement Agreement.

6.    The Court finally approves the Class Representatives as representatives of the Settlement Class, and finds that the Class Representatives adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7.    The Court finally designates Class Counsel as counsel for the Settlement Class for the sole purposes of the settlement, and finds that Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8.    The proposed attorneys' fee and expense award to Class Counsel in the amount of $1,300,000 is hereby approved as reasonable.  Such fees and expenses shall be paid pursuant to the terms of the Settlement Agreement and allocated by Class Counsel as they in their discretion determine to be appropriate.

9.    The Court also approves inventive awards in the following amounts to the following named Plaintiffs: $1,500.00 each to:  David Dropski, Kyle Ellis, Dylan Jordan, Don Le, Pedro Santiago, Andy Torrales, Joseph Vorraso, Kiloe Young, Andrew Ostrowski, and Stephen Denz; $500.00 each to: Mark Roushion, Jason Doerrer, Austin Verlinden, Joel Bernabel, Jan Paolo Jimenez, Timothy Farley, Alexander Montgomery, Ryan Brenek, Jorrell Dye, Chester Bailey, Gukjin Chung, Garret Giordano, Francis Palagano, Patrick E. Parker.  Such incentive awards shall be paid pursuant to the terms of the Settlement Agreement.

10.    The claims in the Litigation are hereby dismissed on the merits with prejudice, consistent with the terms and releases as set forth in the Settlement Agreement.

11.    The terms of the Settlement Agreement, including all Exhibits thereto, and of this Settlement Approval Order and Final Judgment, shall be forever binding on, and shall have *res judicata* and preclusive effect in, any pending or future lawsuits maintained by the named Plaintiffs and each Settlement Class Member, as well as their respective heirs, beneficiaries, administrators, successors, and assigns, asserting the claims subject to the Releases set forth in the Settlement Agreement.  This Settlement Approval Order and Final Judgment the Settlement

[PROPOSED] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT

Agreement may be filed in any action asserting the claims subject to the Releases set forth in the Settlement Agreement to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

12.     The Releases, which are set forth in Section 3 of the Settlement Agreement, are expressly incorporated herein in all respects and are deemed effective as of the date of this Settlement Approval Order and Final Judgment.

13.     The Settlement Agreement may be pleaded as a full and complete defense to, and may be used as the basis for a temporary restraining order or preliminary or permanent injunction against, any action, suit or other proceeding, which has been or may be instituted, prosecuted, continued to be prosecuted, or attempted to be brought by any person bound by the Releases in Section 3 of the Settlement Agreement, asserting any of the claims set forth in Section 3 of the Settlement Agreement.

14.     Without affecting the finality of the judgment entered pursuant to this Settlement Approval Order and Final Judgment, this Court retains continuing jurisdiction over this settlement, including the administration, consummation, and enforcement of the Settlement Agreement.  In addition, without affecting the finality of the judgment entered pursuant to this Settlement Approval Order and Final Judgment, this Court retains jurisdiction over the Parties, the Released Parties, and each Settlement Class Member and their counsel, who are deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to this Settlement Approval Order and Final Judgment and the terms of the Settlement Agreement, including the monies described in this Order and in the Settlement Agreement.

15.     Unless the Court orders otherwise, all Claim Forms are to be submitted in conformance with the Settlement Agreement and processed in accordance with the procedures for processing claims set forth in Section 8 of the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement, as modified by either the Preliminary Approval Order or

1  this Settlement Approval Order and Final Judgment.

2      16.    In the event that the Effective Date does not occur, this Settlement Approval Order

3  and Final Judgment shall be rendered automatically null and void and be vacated, and in such

4  event, all orders entered and releases delivered in connection with this settlement shall be null and

5  void and be automatically vacated.

6      17.    The Court finds that there is no reason for delay and directs the Clerk to enter

7  judgment in accordance with the terms of this Settlement Approval Order and Final Judgment as

8  of the date set forth below.

9  DATED: December 7, 2016



PHYLLIS J. HAM
United States Distr

[PROPOSED] SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT